UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**VONETTA WILLIAMSON,**

    **Plaintiff,**

**v.**
                            **Case Number:**

**FLORIDA HEALTH SCIENCES CENTER, INC.**
 **d/b/a TAMPA GENERAL HOSPITAL**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff was employed by Defendant as a Patient Care Technician. Plaintiff suffers from a disability and during her employment Plaintiff was subjected to discrimination based on her disability. Specifically, Defendant refused to hire, transfer, or promote Plaintiff to a position for which she was qualified because of Plaintiff's disability. Defendant's discrimination against Plaintiff violated the anti-discrimination portions of the Florida Civil Rights Act (hereinafter "FCRA") and the Americans with Disabilities Act, as amended (hereinafter "ADA"). In further support of her complaint, Plaintiff states as follows:

Parties

1. Defendant operates as "Tampa General Hospital" and is an employer as defined by the Florida Civil Rights Act and employs more than 15 people.

2. Plaintiff is a qualified female with a disability who was employed by Defendant.

Jurisdiction

3. Plaintiff worked as a Patient Care Technician for Defendant and performed related activities for Defendant in Hillsborough County, Florida.

1

4. Defendant maintains and operates a hospital in Tampa, Florida.

5. Plaintiff provided Patient Care services for Defendant's Hospital in Hillsborough County, Florida.

6. The amount in controversy in this action exceeds $164,902.00, exclusive of attorney's fees, interest, and costs.

Factual Allegations

7. Plaintiff was hired by Defendant as Patient Care Technician (PCT) in February 2018.

8. In July 2019, Plaintiff was involved in in a significant car accident resulting in severe and permanent damage to her lower leg.

9. Plaintiff's lower leg injury is a disability because it substantially limits numerous major life activities such as walking, bending, lifting, climbing stairs, getting in and out of chairs, or standing for extended periods.

10. Plaintiff was a PCT at the time of the accident and because of the accident and resulting disability, Plaintiff was unable to continue working for Defendant as a PCT.

11. The PCT position required Plaintiff to lift, bend, carry, walk, and stand for extended periods of time. Plaintiff was unable to meet those requirements.

12. However, despite her disability, Plaintiff *was qualified* to perform customer support specialist duties, staffing assistant duties, and physician support specialist duties.

13. Plaintiff was qualified for positions in the customer service, staffing, and physician support departments because those positions did not require a substantial amount of walking, bending, lifting, climbing stairs, getting in and out of chairs, or standing for extended periods.

14. Plaintiff was qualified for positions in the customer service, staffing, and physician support departments because of her extensive education, training, and experience in the hospital setting.

15. Beginning in December 2019, Plaintiff applied to multiple positions within Defendant's customer service, staffing, and physician support departments.

16. Plaintiff possessed the knowledge, education, and experience to perform the duties for each position to which she applied.

17. Plaintiff was qualified for each position to which she applied.

18. Defendant did not seriously consider Plaintiff for the positions to which she applied, despite her qualifications.

19. Defendant refused, failed, and/or neglected to hire Plaintiff in the customer service, staffing, and/or physician support departments because Plaintiff has a disability.

20. Plaintiff's disability was a motivating factor in Defendant's failure to hire Plaintiff in the customer service, staffing, and/or physician support departments.

21. But for Plaintiff's disability, Defendant would have hired Plaintiff in either the customer service, staffing, and/or physician support departments.

22. Plaintiff has been damaged emotionally and financially by Defendant's failure to hire Plaintiff.

23. Plaintiff filed a charge of discrimination with the EEOC on March 29, 2021.

24. Plaintiff files this lawsuit within 90 days of the issuance of the notice of right to sue.

25. EEOC found reasonable cause after performing the investigation and granted right to sue letter to Plaintiff.

# COUNT I
# DISABILITY DISCRIMINATION
# IN VIOLATION OF FLORIDA'S CIVIL RIGHTS ACT

26. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-25, above.

27. Plaintiff is a qualified female with a disability.

28. Beginning in December 2019, Plaintiff applied to different available work positions within Defendant's customer service, staffing, and physician support departments.

29. Plaintiff was qualified for all of the positions to which she applied.

30. Despite her qualifications, Defendant refused to hire Plaintiff in its customer service, staffing, or physician support departments.

31. Defendant refused to hire Plaintiff because Plaintiff suffers from a disability.

32. Plaintiff's disability was a motivating factor in Defendant's decision not to hire Plaintiff.

33. Plaintiff was economically and emotionally damaged as a result of Defendant's failure to hire Plaintiff.

# COUNT II
# DISABILITY DISCRIMINATION
# IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

34. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-25, above.

35. Plaintiff is a qualified female with a disability.

36. Beginning in December 2019, Plaintiff applied to different available work positions within Defendant's customer service, staffing, and physician support departments.

37. Plaintiff was qualified for all of the positions to which she applied.

38. Despite her qualifications, Defendant refused to hire Plaintiff in its customer service, staffing, or physician support departments.

39. Defendant refused to hire Plaintiff because Plaintiff suffers from a disability.

40. Plaintiff's disability was a motivating factor in Defendant's decision not to hire Plaintiff.

41. Plaintiff was economically and emotionally damaged as a result of Defendant's failure to hire Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant, including, but not limited back pay, front pay, compensatory damages, and punitive damages, together with costs and attorney's fees pursuant to Florida's Civil Rights Act, the Americans with Disabilities Act, and such other further relief as this Court deems just and proper.

DATED this 17TH DAY OF MAY, 2024

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, Florida 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com