UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VONETTA WILLIAMSON,

    Plaintiff,

v.                            CASE NO.: 8:24-cv-01209-TPB-UAM

FLORIDA HEALTH SCIENCES,
CENTER, INC. d/b/a Tampa
General Hospital

    Defendant.

## DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES

Defendant FLORIDA HEALTH SCIENCES, CENTER, INC. d/b/a Tampa General Hospital ("Defendant", "TGH" or the "Hospital) files its Amended Answer and Affirmative Defenses as follows:

## PARTIES

1. Defendant operates as "Tampa General Hospital" and is an employer as defined by the Florida Civil Rights Act and employs more than 15 people.

    **ANSWER: Admitted.**

2. Plaintiff is a qualified female with a disability who was employed by Defendant.

    **ANSWER: Admit that Plaintiff was employed by Defendant and is female. Defendant is without knowledge or information sufficient to admit or deny whether Plaintiff has a disability and accordingly, denies the same; otherwise denied.**

1

137005838.1

**EXHIBIT 1**

## JURISDICTION

3. Plaintiff worked as a Patient Care Technician for Defendant and performed related activities for Defendant in Hillsborough County, Florida.

**ANSWER: Admit that Plaintiff was employed as a Patient Care Technician for Defendant in Hillsborough County; otherwise denied.**

4. Defendant maintains and operates a hospital in Tampa, Florida.

**ANSWER: Admitted.**

5. Plaintiff provided Patient Care services for Defendant's Hospital in Hillsborough County, Florida.

**ANSWER: Admitted.**

6. The amount in controversy in this action exceeds $164,902.00, exclusive of attorney's fees, interest, and costs.

**ANSWER: Denied.**

## FACTUAL ALLEGATIONS

7. Plaintiff was hired by Defendant as Patient Care Technician (PCT) in February 2018.

**ANSWER: Admitted.**

8. In July 2019, Plaintiff was involved in a significant car accident resulting in severe and permanent damage to her lower leg.

**ANSWER: Defendant is without knowledge or information sufficient to admit or deny this allegation and accordingly denies the same; otherwise denied.**

9. Plaintiff's lower leg injury is a disability because it substantially limits numerous major life activities such as walking, bending, lifting, climbing stairs, getting in and out of chairs, or standing for extended periods.

**ANSWER: Defendant is without knowledge or information sufficient to admit or deny these allegations and accordingly denies the same; otherwise denied.**

10. Plaintiff was a PCT at the time of the accident and because of the accident and resulting disability, Plaintiff was unable to meet those requirements.

**ANSWER: Admit that Plaintiff was employed as a PCT and that she stated that she was unable to perform the job requirements for the PCT position. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 10 and accordingly denies the same; otherwise, denied.**

11. The PCT position required Plaintiff to lift, bend, carry, walk, and stand for extended periods of time. Plaintiff was unable to meet those requirements.

**ANSWER: Defendant admits the first sentence of Paragraph 11; Defendant is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 11 and accordingly denies the same; otherwise, denied.**

12. However, despite her disability, Plaintiff was qualified to perform customer support specialist duties, staffing assistant duties, and physician support specialist duties.

3
137005838.1

**ANSWER: Denied.**

13. Plaintiff was qualified for positions in the customer service, staffing, and physician support departments because those positions did not require a substantial amount of walking, bending, lifting, climbing stairs, getting in and out of chairs, or standing for extended periods.

**ANSWER: Denied.**

14. Plaintiff was qualified for positions in the customer service, staffing, and physician support departments because of her extensive education, training, and experience in the hospital setting.

**ANSWER: Denied.**

15. Beginning in December 2019, Plaintiff applied to multiple positions within Defendant's customer service, staffing, and physician support departments.

**ANSWER: Admit that Plaintiff applied for positions which were posted; otherwise denied.**

16. Plaintiff possessed the knowledge, education, and experience to perform the duties for each position to which she applied.

**ANSWER: Denied.**

17. Plaintiff was qualified for each position to which she applied.

**ANSWER: Denied.**

18. Defendant did not seriously consider Plaintiff for the positions to which she applied, despite her qualifications.

**ANSWER: Denied.**

19. Defendant refused, failed, and/or neglected to hire Plaintiff in the customer service, staffing, and/or physician support departments because Plaintiff has a disability.

**ANSWER: Denied.**

20. Plaintiff's disability was a motivating factor in Defendant's failure to hire Plaintiff in the customer service, staffing, and/or physician support departments.

**ANSWER: Denied.**

21. But for Plaintiff's disability, Defendant would have hired Plaintiff in either the customer service, staffing, and/or physician support departments.

**ANSWER: Denied.**

22. Plaintiff has been damaged emotionally and financially by Defendant's failure to hire Plaintiff.

**ANSWER: Denied.**

23. Plaintiff filed a charge of discrimination with the EEOC on March 29, 2021.

**ANSWER: Admit that Plaintiff's charge appears to be digitally signed on March 29, 2021. Defendant is otherwise without knowledge or information sufficient to admit or deny this allegation and accordingly denies the same; otherwise, denied.**

24. Plaintiff files this lawsuit within 90 days of the issuance of the notice of right to sue.

**ANSWER: Admitted.**

25. EEOC found reasonable cause after performing the investigation and granted right to sue letter to Plaintiff.

**ANSWER: The EEOC Letter of Determination speaks for itself; otherwise denied.**

**COUNT I
DISABILITY DISCRIMINATION
IN VIOLATION OF FLORIDA'S CIVIL RIGHTS ACT**

26. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-25, above.

**ANSWER: Defendant hereby incorporates its responses to the allegations in Paragraphs 1-25 of Plaintiff's Complaint.**

27. Plaintiff is a qualified female with a disability.

**ANSWER: Admit that Plaintiff is female. Defendant is without knowledge or information sufficient to admit or deny whether Plaintiff has a disability and accordingly, denies the same; otherwise denied.**

28. Beginning in December 2019, Plaintiff applied to different available work positions within Defendant's customer service, staffing, and physician supports departments.

**ANSWER: Admit that Plaintiff applied for positions that were posted; otherwise denied.**

29. Plaintiff was qualified for all of the positions to which she applied.

**ANSWER: Denied.**

30. Despite her qualifications, Defendant refused to hire Plaintiff in its customer service, staffing, or physician support departments.

**ANSWER: Admit that Plaintiff was not hired; otherwise denied.**

31. Defendant refused to hire Plaintiff because Plaintiff suffers from a disability.

**ANSWER: Denied.**

32. Plaintiff's disability was a motivating factor in Defendant's decision not to hire Plaintiff.

**ANSWER: Denied.**

33. Plaintiff was economically and emotionally damaged as a result of Defendant's failure to hire Plaintiff.

**ANSWER: Denied.**

### COUNT II
### DISABILITY DISCRIMINATION
### IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

34. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-25, above.

**ANSWER: Defendant hereby incorporates its responses to the allegations in Paragraphs 1-25 of Plaintiff's Complaint.**

35. Plaintiff is a qualified female with a disability.

**ANSWER: Admit that Plaintiff is female. Defendant is without knowledge or information sufficient to admit or deny whether Plaintiff has a disability and accordingly, denies the same; otherwise denied.**

36. Beginning in December 2019, Plaintiff applied to different available work positions within Defendant's customer service, staffing, and physician support departments.

**ANSWER: Admit that Plaintiff applied for positions that were posted; otherwise denied.**

37. Plaintiff was qualified for all of the positions to which she applied.

**ANSWER: Denied.**

38. Despite her qualifications, Defendant refused to hire Plaintiff in its customer service, staffing, or physician support departments.

**ANSWER: Admit that Plaintiff was not hired; otherwise denied.**

39. Defendant refused to hire Plaintiff because Plaintiff suffers from a disability.

**ANSWER: Denied.**

40. Plaintiff's disability was a motivating factor in Defendant's decision not to hire Plaintiff.

**ANSWER: Denied.**

41. Plaintiff was economically and emotionally damaged as a result of Defendant's failure to hire Plaintiff.

**ANSWER: Denied.**

42. WHEREFORE, Plaintiff demands judgment against Defendant, including but not limited to back pay, front pay, compensatory damages, and punitive damages, together with costs and attorney's fees pursuant to Florida's Civil Rights Act, the Americans with Disabilities Act, and such other further relief as this Court deems just and proper.

**ANSWER: Defendant denies that Plaintiff is entitled to any of the damages alleged.**

## GENERAL DENIAL

Any and all allegations of Plaintiff's Complaint which are not expressly admitted herein are hereby denied.

## AFFIRMATIVE DEFENSES

The following defenses are asserted by Defendant without shifting the applicable burden of proof:

## FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted including, but not limited to, the fact that Plaintiff has not pled non-conclusionary facts establishing that any alleged disability was the "but for" cause for any decision not to hire her.

## SECOND DEFENSE

To the extent Plaintiff seeks to raise matters barred by the statute of limitations, Defendant asserts as a bar to this action the applicable statute of limitations.

## THIRD DEFENSE

Defendant is entitled to a set-off for what Plaintiff earned or could have earned with reasonable diligence. To the extent Plaintiff failed to mitigate damages in whole or in part, she is not entitled to any of the relief requested. There were adequate opportunities available to Plaintiff for employment. To the extent that Plaintiff did not find employment within a reasonable period of time, any such failure was solely attributable to lack of diligent search or other reasons not attributable to Defendant.

## FOURTH DEFENSE

To the extent any claim is being asserted which was not included within or a valid Charge of Discrimination first timely filed with the EEOC, Plaintiff is precluded from asserting such claim now, including but not limited to any claim pertaining to any action which predated the filing of any charge by more than 300 days, or that is otherwise outside the scope of any timely filed charge.

## FIFTH DEFENSE

Each and every employment decision made affecting Plaintiff was based on good faith and legitimate, non-discriminatory factors, valid business reasons, and absent discriminatory considerations, unrelated to Plaintiff's alleged disability.

## SIXTH DEFENSE

Plaintiff's damages, if any, were not caused by Defendant, but to the extent they may exist, they are in whole or in part due to the actions of Plaintiff, third parties or natural causes, such that Defendant has no liability, or its share of liability should be reduced. Specifically, Defendant is not liable for any lost wages attributable to periods of time when Plaintiff was not able to or did not work.

## SEVENTH DEFENSE

Defendant is not liable for any back pay or front pay related to any periods of time when Plaintiff was unavailable to work.

## EIGHTH DEFENSE

Defendant has an express policy prohibiting illegal discrimination. If any actions were taken by any employee which violates any prohibition against illegal discrimination (which Defendant denies), such actions were outside the scope of that individual's employment.

## NINTH DEFENSE

Plaintiff's alleged damages, if any, were pre-existing conditions and/or were the result of events not caused by or attributable to Defendant.

## TENTH DEFENSE

To the extent that it is found that any disability played a role in any hiring decision (which Defendant denies), Defendant would have made the same decision regardless of any alleged disability.

## ELEVENTH DEFENSE

Hiring Plaintiff into a job for which she was not qualified, for which she was not the best qualified, and/or which had essential job duties exceeding Plaintiff's stated job restrictions including that Plaintiff work in a "sedentary only" position would have been an undue hardship.

## TWELFTH DEFENSE

Defendant made good faith efforts to identify and make a reasonable accommodation for Plaintiff, including, but not limited to, permitting Plaintiff to take leaves of absence and providing Plaintiff a reasonable opportunity to apply for vacant alternative employment opportunities reasonably available under Defendant's existing policies.

## THIRTEENTH DEFENSE

Plaintiff may not bring a claim of disability discrimination under the Florida Civil Rights Act ("FCRA") as Plaintiff fails to allege that she timely filed a charge of discrimination under the FCRA. Moreover, Plaintiff cannot in good faith state that she filed a charge under the FCRA because the only charge she filed references only Federal law. Plaintiff's failure to assert a claim under FCRA in her charge is fatal to her attempts to bring a claim under the FCRA in this court and cannot be rectified through amendment.

**EXHIBIT 1**

## FOURTEENTH DEFENSE

Plaintiff failed to exhaust the administrative remedies for her state law-based claims in Count I and accordingly is precluded from raising those claims now. Plaintiff's EEOC Charge references only federal statutes and makes no request for relief pursuant to state law. Accordingly, Plaintiff cannot bring these claims under Section 760 of the Florida Statutes.

## FIFTEENTH DEFENSE

Defendant reserves the right to assert any additional defenses that may become relevant or apparent through the course of discovery or otherwise during the course of this proceeding.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant prays this Court will enter judgment in its favor and against Plaintiff, dismissing this action with prejudice as to Defendant, awarding Defendant all costs and reasonable attorney's fees it has incurred in connection herewith, and such other and further relief as this Court deems just and proper.

Dated: August 16, 2024

Respectfully submitted,

*/s/ Janet Goldberg McEnery*
JANET GOLDBERG McENERY, ESQ.
Florida Bar No. 960380
CARLTON FIELDS, P.A.
4221 W. Boy Scout Blvd., Suite 1000
Tampa, FL 33607-4915
Tel: (813) 229-4187
Email: jmcenery@carltonfields.com
Secondary email: codom@carltonfields.com
Secondary email: dharrell@carltonfields.com
*Attorney for Defendant*

137005838.1

**EXHIBIT 1**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 16, 2024, the foregoing document was filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

/s/ *Janet Goldberg McEnery*
JANET GOLDBERG MCENERY

## SERVICE LIST

Kyle J. Lee, Esq.
Lee Law, PLLC
1971 West Lumsden Road, Suite 303
Brandon, Florida 33511
Kyle@KyleLeeLaw.com
*Attorney for Plaintiff*

**EXHIBIT 1**